Oral argument not to exceed 15 minutes per side and Mr. Asker for the appellant. I think there was a question in this case about how we were going to proceed with respect to the cross appeal and we probably ought to get that resolved before we get started. Had you had a question Mr. Horton? Yes ma'am, I wondered whether I would have an opportunity to apply related to cross appeal, but you know what, I think I can take care of it. We sometimes do that, we sometimes don't, but you know we don't apply any limits on your ability to discuss at any time either aspect of your argument obviously when we don't try to structure it with a separate rebuttal. These issues are related, their appeal and our cross appeal, I think I can deal with that. Okay, that's great, alright. Thank you. Alright, Mr. Asker. Thank you, your honors. I understand that I have a five minute rebuttal. Okay. Your honors, as the court's aware, there's two issues in this case. First of all, which statute of limitations to apply to the plaintiff's contract claims under the operating agreement of Greenberg Properties LLC. And the second major issue is whether the concealment statute tolling applies to those contract claims. With respect to the first issue, which statute of limitations applies. The plaintiffs submit, uncontroversially, that the general six year statute of limitations for contract claims codified at MCL 600.5807, subsection 8, applies to her contract claims. And that the two or three year statute of limitations codified in the Michigan Limited Liability Company Act, which I may be referring to here as the MLLCA, act applies to those claims that are brought specifically under the Michigan Limited Liability Company Act. Specifically, the statute of limitations of two or three years codified at MCL 450.4404 and MCL 450.4515. Now defendants, defendant submits in this case, that all, including the contract claims of the plaintiff, are subject to the Michigan Limited Liability Company Act claims statute of limitations. However, and they claim that because they say you're supposed to look to the substance of the claim rather than the mere labeling of the claim. If this court does look at the substance of the claims, this court will quickly make the determination that the substance of the claims are different than her claims under the Michigan Limited Liability Company Act. The plaintiff brought a breach of contract claim under the operating agreement. The plaintiff brought a breach of fiduciary duty claim under the Michigan LLC Act. And the plaintiff brought a claim for minority member oppression under the LLC Act. Now, the contract claims that the plaintiff brought are different, separate, independent of the two LLC Act claims. And five of those differences are enumerated with specificity on page 12 of our third brief. I won't go over them again here. In fact, not only are the claims different, not only are the contract claims different than the claims one finds under the Michigan Limited Liability Company Act, but they're contrary to it. In particular, under the Michigan Limited Liability Company Act at 450.4303, subsection 1, subsection B, distributions to members of LLCs are to be equal. The default provision is that distributions would be equal. Here we have five members, and therefore each member would have been entitled to 20% of each distribution. But that's not what the operating agreement says. The operating agreement says that they shall be proportionate to ownership interest. In this case, the plaintiff owned 16.33%. Therefore, she was entitled to 16.33% of each distribution. So the contract claim runs counter to the LLC Act. Your colleagues are not yet back on the bench. They actually went to the roving room, so we're going to get them back in. They're ready now. All rise. This honorable court is now in session. Please be seated. We'll try again. We have Judge Daughtry back with us. You do. We had your picture before, but not your voice. Oh, okay. That was a clue, wasn't it? Well, actually, we were looking at Mr. Asker, not at you, and it was, I think, some moments before Judge Donald and I realized you were speaking and nothing was being heard. Well, I have apologized to counsel. I know it's not what you hope is going to happen when you're making an argument in front of a circuit court. We're just glad we have this available. Anyway, do we know where we're at? I spoke with Judge Daughtry, and it sounds like I was about two minutes. We'd be cut off by about two minutes earlier, so I can start from the beginning if you'd like me to, or I can start from this. I think she said something about the point I was making, is that the provisions of the operating agreement are not the same, but in conflict with. If she knows the point at which she was lost, you can start there. Yeah, so in fairness, I mean, you're giving me eight minutes. That's certainly plenty of time. I should be able to finish up a little early. My time says eight minutes now. I think I could probably do it in six, but I'll take the eight if you're giving it to me. Okay, and I'll just pick up from this point that Judge Daughtry indicated. Is that okay with you, Judge Daughtry? It is fine. Thank you. Thank you. Okay, so the point I was making with respect to the conflict is not only are these claims, our contract claims, not brought under and are independent of the LLC Act claims, but they are indeed in conflict with them because the LLC Act at Michigan Compiled Laws 450.4303, subsection 1, subsection B, states that the distributions to members shall be equal. In our case, we had five different members of Greenberg Properties LLC, Barry Greenberg, Ashley Greenberg, Stephen Granitz, Rachel Greenberg, and Helen Greenberg, the defendant herself. And therefore, if we went under the statute, we would have been arguing that Ashley Greenberg is entitled to 20% of all distributions, but indeed we didn't argue that because the operating agreement provided that she was entitled to a proportionate distribution in accordance with her ownership interest. And her ownership interest was not 20%, it was 16.33%. Now, the best guide as to which statute of limitations one should apply to which claim is the statute of limitations you're applying at any one time. Defendants would have us apply the Michigan Limited Liability Company Act statute of limitations to the contract claims. But if you look at those two, you see that they are limited not to contract claims, but to LLC Act claims. But if we accept your argument and apply the six-year breach of contract statute of limitations, don't we then run the risk of all but eliminating the MLLCA's shorter statute of limitations? Everything would sort of accrete to the longer statute if we accept your argument? Is that correct? No, that's not correct, Your Honor. Okay. The contract claims that are separate and distinct and different would go to that. But every claim would be measured by its applicable statute of limitations? Yes. That's the general law in Michigan. And the contract limitations period couldn't extend any arguments that have to do with the Limited Liability Act. That's correct, yes. But there's overlap here in some of them. Judge Donald, with respect to your specific question, I think when you look at the act, that's a timely question. If you look at the act itself, the act tells you MCL 450.4404 states that duties, quote, imposed by this act are subject to the two or three-year statute of limitations. It says so explicitly in it. The ones imposed by the act, not imposed by some third document, in this case the operating agreement. If you look at 450.4515, the explicit language of 450.4515, which is generally the minority member oppression statute, it limits causes of action to three separate incidents. Number one, conduct of a member or manager that is, quote, illegal. Number two, conduct that is, quote, fraudulent. Or number three, conduct that, quote, constitutes willful, unfair, and oppressive conduct. And that's what the statute of limitations applies to. In our contract claim, we don't claim that what she did was illegal. We claim it was a breach of contract. We don't claim it was criminal. The Limited Liability Company Act does not require an operating agreement. That's correct. Absolutely. It does not require it. That's right. But with respect to these three things, we don't claim the act was illegal. What is illegal? Illegal would be something that is criminal, certainly, or illegal would be something that is civilly wrong generally. Examples of that would include charging a usurious interest rate or not paying the taxes of the LLC or somehow circumventing customs laws. And the last particular example was the holding in the case of Karpiuk v. Myers. This is a new case, K-A-R-P-I-U-K v. Myers, M-E-Y-E-R-S, which is a 2006 Westlaw case. The Westlaw number is 227117. I'm sorry, 1177. And that was decided on August 8, 2006. Once again, 2271177. So we don't claim, our contract claims, we don't claim that it was illegal what she did. We don't claim that it was fraudulent what she did. We don't claim that it constitutes willful or unfair oppression. Now, certainly in our other claims, in our minority member oppression claim, we do claim that, but not in our contract claim. Our contract claims are separate and distinct. Now, the third argument, which we think is the most specious of defense arguments, is that you should apply the Michigan Limited Liability Company Act statute rather than the contract statute, because but for the Michigan Limited Liability Company Act, there would be no operating agreement. There would be no LLC. There would be no Limited Liability Company. Therefore, everything comes under it. Now, of course, that's not true, as you correctly point out, Judge Gibbons, because you don't need an operating agreement to have an LLC. You need articles of organization, but you don't need an operating agreement. Our claims under the operating agreement exist because they have an operating agreement, and that operating agreement had provisions separate, distinct, and indeed contrary with respect to the NUB, our main claim that we receive damages on. Now, the absurdity of this argument, the but for argument, is revealed, Judge Donald. But for the LLC Act, no LLC would exist, right? But once the LLC exists, it acts as a legal person. It enters into third-party contracts, and those are subject to different causes of action. But it wouldn't exist but for the LLC Act. But the LLC Act tells you its statute of limitations apply to those. Now, this Court need not address this, but even need not address it because we believe the contract statute of limitations applies to the contract claims. But if this Court believes that the contract causes of action are subject to the statute of limitations in the LLC Act, that is, then we would suggest that we're still within the two years under the doctrine of the last antecedent statutory construction. We believe that the comma, quote, comma, whichever occurs first, close quote, modifies not the two years or three years, because two years always occurs before three years, but it modifies when the defendant actually knew or should have known. And basically, that's just an evidentiary problem. It's difficult to get in the mind of someone. You don't know when they actually knew unless they admit it. But you can prove when they should have known as an objective standard. With respect to the concealment tolling statute, I will preserve and I'll give that our final. Thank you very much, Your Honor. Good morning. This is a sad case, but the legal issue and the legal argument is really one, and it's very straightforward. It's the same argument whether it's his appeal as to which statute of limitation applies or our cross-appeal on the, again, which statute of limitation applies. And here's what it really comes down to, is that the Michigan Limited Liability Act is self-contained. These things don't exist at common law. It allows for its creation. It allows. It doesn't mandate, but it allows for an operating agreement, which does not exist at common law. And it provides for statute of limitations. I'm not going to reiterate what I've said in my brief, but let me give you a couple of examples. And this is what the Michigan Supreme Court has said, and I think it's pretty common throughout the United States, is that where the legislature codifies an area of the law, you look within that code to address the creatures of that codification. So, for example, the case that we cited from the Michigan Supreme Court, Horschman General Contractors, deals with the UCC. It says, look, under the UCC, the UCC Article 3 deals with negotiable instruments. And there's a statute of limitations just in general for claims for according satisfaction, but there are ones specific to negotiable instruments in the UCC. Because the UCC is a body of law that the legislature has comprehensively decided to regulate, what you do is you look at the UCC for the statute of limitations. And that's exactly what they did there. And they've done it in other areas as well. For example, contract for the sale of goods. If I enter into a contract for any kind, it might be subject to the six-year statute of limitations like plaintiff is arguing in this case. But under the UCC, there's a special statute of limitations related to the sale of goods. And what the legislature has said is not six years, it's four years. Because when you're dealing with the sale of goods, we create this entire code. The Mobility Company Act does not provide for the policing of operating agreements in a general sense, does it? Well, there's not a regulatory body. Well, I mean, it does in fact address the types of conduct that Mr. Asker referred to, but does not address breaches of the operating agreement that would lie outside that. Well, it doesn't do it specifically, but I think it does it in general. And here's where it does it. Could you, I mean, can, so your position is that, just making sure and then you can tell me how it is. Sure, sure. Your position is that Ms. Teichner can allege conduct that constitutes a breach of the operating agreement as a breach, as a violation of the Limited Liability Company Act, even though it's not conduct that is specifically prohibited by the Limited Liability Company Act? A little bit different than that, Judge. And I actually have some support for this that I would like to file under your Rule 28J or whatever the one is to supplement authority that I recently come upon. Basically, what the claim is, is that yes, you can bring a contract claim, but that contract claim is limited to the three-year absolute statute in the Limited Liability Act. And let me give you a couple of examples. I've provided counsel with copies of these, and if I can supplement these citations to the court later. There's two cases from the New York courts. One specifically related to the Delaware and the New York Limited Liability Act, and they specifically hold that whether you, regardless of the name that you put on the claim, if it relates to a limited liability company, it's limited to the three-year statute limitations in that case. And in that case... Well, that would be based on the interpretation of the particular statute at issue, correct? Absolutely, yeah. And I believe, and like I said, I'll provide you with a citation, but there's no material difference, in my opinion, as to what the Delaware, New York, or Michigan Limited Liability Act say in this regard. Let me give you the central problem I have with your position. I understand the notion that if a more specific statute applies to particular conduct, you'd probably apply the more specific statute. What I don't, I cannot think of any other area, though, in which when a plaintiff makes two discrete claims for two that arise out of discrete conduct, the plaintiff then doesn't get the benefit of the statute of limitations applicable to each claim. So unless it would be clearly reflected in the statute, the Limited Liability Company Act, that a plaintiff who sues under that, who brings claims under that, cannot also sue under a breach of contract claim and get relief in that one, unless there's something specific, I don't see how this argument really flies because I don't know of any situation where somebody brings a breach of contract claim, a breach of fiduciary claim, which in this case is statutory, and ends up having them subsumed into each other for purposes of a limitations period. I understand, and my response to that is twofold. One is the Horstman case, which... You don't disagree with what I just said as a general proposition, do you? As a general proposition, but as specifically... And so the source for this rather anomalous argument you make must be the statute itself. Well, I don't think it's an anomalous argument, and here's why, if I can. A couple of things. Number one, I think we all agree with the proposition that the specific controls over the general. And the second proposition is that when the legislature takes an area of the law that may not exist or may only exist at common law and decides to legislate and codify that entire area of law, the codification controls. And so I use again my example of the UCC under Michigan law, where the Michigan Supreme Court says you look within the four corners of the Uniform Commercial Code when you're dealing with something that falls within that subject matter. The second piece is, Judge, this is exactly the same argument, and this is why I would like to be able to supplement this, that the New York courts faced, where they said you've brought a breach of fiduciary duty count and you've brought a breach of contract count under the Limited Liability Act. And I've got it here. It literally says it was the intent of the New York legislature that claims under this other act and contract claims for the recovery of distributions will be preserved, but only as limited by the statute of limitations within the Limited Liability Act. And they deal with that both under the New York Limited Liability Law and under the Delaware Limited Liability Law. There were no LLC in this case. Pardon me? There were no LLC in this case, but you had simply a breach of fiduciary duty claim arising out of some misfeasance, malfeasance by a trustee, for example. And then you had, suppose the trust had some sort of agreement about how, suppose there was also a trust agreement of which the beneficiary of the trust was a third-party beneficiary, and no LLC. Would you argue that those two individual causes of action could not be brought and have their own separate limitations periods? Based on my knowledge of Michigan law, I would say that there would not be separate statutes of limitation. And I'm doing this based on just my general knowledge, and here's why. What in Michigan law makes you think that? The Michigan probate code has been completely codified within the last six or eight years. I'm certainly not a specialist in this area. And it does impose statutes of limitations on will and trust disputes. So if I became a trustee, using your example, and that statute of limitations, looking within the Michigan probate code, is a statute of limitations that would control. Because that's exactly what the legislature did. It took a hundred years or so of decisions. I think the code was pending in bill form for eight or ten years. The legislature finally comprehensively revised the entire area of law regarding that and put a statute of limitations in it. Because that makes you think you wouldn't get benefit from the separate. You're just telling us that whatever the limitations periods are in the statute would apply without telling us what it is about the statute that would make one claim get the other claim's statute of limitations. Well, a couple of things. Number one, what they allege is done wrong here. I mean, get rid of the abstract and get to the concrete. The concrete piece is they said. You don't know what's in the wills. You don't know what's in the probate court. I don't. No, I'm applying it to this case. I mean, I don't know it specifically. I do know that there is a separate statute of limitations, Judge. I believe that it's applied separately, just like it is in the uniform commercial code. But in this case, what the plaintiff is alleging is that my client breached her fiduciary duty because she wasn't paying attention as her son made distributions disproportionate. Now, her relationship arises not through a common law contract. It arises only under the statute. And if you look at that provision, 450.4404, it's specific. That's the part that imposes upon managers a fiduciary duty. It specifically says basically two years on discovery but three years absolute. I do want to address one issue here that they've raised in their papers. I didn't hear them argue it today. He said that they're entitled to bring a claim for fraudulent concealment, regardless of any statute of limitation, because my client had a duty to disclose. I don't believe that's the law. But the reason that that argument is unsuccessful is I was kind of listening to the cases that were being argued before us this morning. And basically those two prior ones, in my opinion, were whether there were issues of fact. In other words, should the first case have gone to the jury and the second case was summary judgment appropriate? In other words, were there issues of fact? One thing that's clear in this case is that there is no issue of fact that my client had no knowledge of the distributions. They stipulated to it. Looking at the complaint, I'm looking at the breach of contract claim. And the breach of contract claim, they're pled separately. The breach of contract claim alleges that the defendant breached the operating agreement and then certain sections are specified. Three different sections are alleged. When you get to the breach of fiduciary duty claim, it's true that there's obviously some overlap in the allegations about illegal distributions. But then there are some other allegations where there's absolutely no overlap. They have to do with her voting, her failures to dissent in authorizing improper distributions, failing to perform her managerial duties under the trust. So there's a bit of overlap, but there are a whole host of allegations that go to different conduct. Well, Judge, let me address those ones that you specifically indicated. So, for example, the LLC statute 450-4307 specifically deals with distributions, 4307 and 4308. I don't think this answers the question. I mean, what do you make of the fact that different conduct is alleged to support each claim? Well, I think you really have to answer the threshold question first. And the threshold question is there is no such thing as a common law contract called an operating agreement. There is no such thing. It is a creature of statute, period. Wait a minute. Wait a minute. That makes no sense. I mean, the statute may call it an operating agreement, but the notion that there couldn't be a contract between individuals over how anything is going to be operated is really, I mean, as far as I know, in no state would legislative authorization to create such a contract be required. I agree with you that you could have a common law contract on otherwise proper subject matter. My point is that an operating agreement cannot arise related to a limited liability company outside of the Limited Liability Act because the creature, the Limited Liability Company, doesn't come into existence except through the legislation. So the only way to get relief, you can no longer allege, you couldn't allege a violation of contract that is different and apart from, that the only obligations that the defendant has are to do what she's prohibited from doing by the Limited Liability Company. She has no other obligation to comply with the contract into which she enters. Judge, I'm sorry if I've misstated it. I'll try and be clear again. You can make a breach of contract claim related to an operating agreement. You can make a violation of statute claim related to a limited liability company, but the contract claim is limited to the statute of limitations within the Limited Liability Act. And, for example, let me, like I say, I will supplement it under the rule where the two separate courts in the state of New York have dealt with directly that issue and said, yes, indeed, that contract claim survives, but it is limited to the limitations period within that act. Actually, the two cases, one deals with the LLC Act in New York and Delaware, and the other case deals with the Limited Partnership Act. Okay, thank you, Judge. In my rebuttal, let's deal with the, let me deal with the concealment statutes, concealment tolling under MCL 600.5855. We believe that certainly applies to our contract claims. The defendants have three arguments against this. I'd like to address each of those briefly. Their first argument against the application of the concealment tolling is that there was no affirmative act of concealment by the defendant in this case. In fact, she did nothing. Okay, so there was no affirmative act of concealment. That is clearly wrong under clear Michigan jurisprudence because as a fiduciary, as a manager, she was a fiduciary to the members, and active concealment is not required of a fiduciary under the cases of Lumber Village v. Stiegler, which we cite, 135 MISH at 685 at 694, Bassett v. Brault, which we cite, 275 MISH 42, Tompkins v. Hollister, 60 MISH 470, and the Wood case, 337 MISH 8. This is clear, black letter law in Michigan. You do not need affirmative acts of concealment when you're a fiduciary. It is stipulated she was a fiduciary. She does need them for the, is there a distinction between the contract claim and the breach of fiduciary duty claim? On that point, if, you know, assuming separate statutes apply. No, she's a fiduciary in any way. Well, I know, but her, the whole point of this from your point of view is that her fiduciary status is not implicated in the breach of contract claim. It's just a breach of a contract. So it doesn't seem that the law applicable, you don't have to prove she's a fiduciary to prove the violation of the contract. I don't know why it would be the law with respect to fiduciaries would be relevant with respect to the contract claim if you're successful in getting them looked at separately. So my question to you is, what's the, is an affirmative act required with respect to the contract claim? It's not when you're a fiduciary because a fiduciary has certain obligations to their principal. And in this case, in particular, this case is particular. You want, I think, I don't know that I'm right about this, but at first thought it seems like you kind of want the best of both worlds on this. Well, okay, so let me move on to my next argument. Maybe you'll like it a little better, Your Honor. Under, if you took it, take a look at 600.5855. The actual language of the statute itself does not require active concealment by the current defendant. It only requires active concealment by one who is liable. We proved that underneath against Barry Greenberg, who not only is liable but was held to be liable, and we got a judgment against him for being liable and for concealing. And the 5855 provides that you can, if any party liable conceals it, that's enough. You don't need the particular defendant in front of you, and in this case she said she just relied on Barry for everything. Their second argument with respect to concealment is that the MLCA statutes are statutes of repose, not statutes of limitation. The court relied on Trident, the Trident case and the Bax case, as indicated in the Damon Trust case, which we cite. The Michigan Supreme Court has already clearly held that these are not statutes of reposes. The court did it with respect to the Michigan Business Corporation Act and said a very similar language was not a statute of repose. These are alternate statutes of limitation. So the court was just wrong on that. Their third argument, Your Honor, is that she didn't have a duty to disclose, even if as a fiduciary she had a duty to disclose, she couldn't disclose what she didn't know about. Well, that is both factually wrong, as proven by the stipulated exhibits, and it's logically wrong with respect to it being factually wrong. The evidence submitted, unrebutted, at docket number 14-5, in particular schedule 9, the page ID number is 246 through 269, indicates that the defendant received $60,000 herself of disproportionate distributions. So she knew about it because she got the cash. Secondly, we are not claiming that she was a bad actor in here. We're claiming that she violated her duties to do what was required of her to co-manage this with her co-manager, Barry Greenberg, and she stipulated that she did nothing in violation of the contract. With respect to the Rule 28 issues, how are we handling those? Well, I was planning to ignore what he said. I don't mean I'm ignoring the argument. I wasn't planning to deal with it in any way. Just so the Court's aware, I received those cases from him when I walked in this morning. I haven't received them for months, so in the event the Court is going to take those under consideration, we would like to. Normally, if a 28-J letter is filed, we do normally consider it, unless the other party can establish to our satisfaction that there's some reason we shouldn't, and we give it whatever import it's entitled to. But certainly, when you see it, if you think there's a reason that it was inappropriate for him to submit it, then certainly you can say whatever you want to about it. Or if you have something of your own to submit, you can submit it, and then he'll tell us if he thinks there's something inappropriate about it. But I was planning to do nothing today. We appreciate the argument both of you have given, and we'll consider the case carefully.